IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARIA GOMEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | EP-3:17-CV-00284-KC |
| | § | |
| O'REILY AUTO PARTS ENTERPRISES, LLC | § | |
| (erroneously sued as O'REILLY AUTOMOTIVE | § | |
| STORES, INC, O'REILLY AUTOMOTIVE, INC. | § | |
| d/b/a O'REILLY AUTO PARTS), | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S COMPLAINT OF DECEMBER 22, 2017

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MARIA GOMEZ, ("Plaintiff") complaining of O'REILLY AUTO PARTS

ENTERPRISES, LLC (erroneously sued as O'REILY AUTOMOTIVE STORES INC.,

O'REILLY AUTOMOTIVE, INC., d/b/a O'REILLY AUTO PARTS), (herein after referred to as

"Defendant"), and for a cause of action against them would show the Court and/or Jury the

following:

### I.    PARTIES

1.    Plaintiff is a resident of El Paso County, Texas.

2.    Defendant O'REILLY AUTO PARTS ENTERPRISES, LLC, is a Corporation doing

business in the State of Texas and has been served, answered and is proper before this Court.

### II.    FACTS

3.    The injuries and damages suffered by Plaintiff and made the basis of this action arose out

of an incident that occurred on or about April 17, 2017, while in the course of her employment

with Defendant located at 7054 Alameda Ave., El Paso Texas 79925. Plaintiff was performing her

job duties, and said date and time she jammed her foot into a crack in the floor and twisted her ankle. The floor in Defendant warehouse had been in this condition for a long time. Said occurrence caused physical injuries to Plaintiff's right hand, arm, and other parts of her body.

4.      Alternatively, Plaintiff was an invitee to whom Defendant owed a duty to use reasonable care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions and activities on the premises or to warn of their existence.  Which duty Defendant breached, causing injuries to Plaintiff. Plaintiff further alternatively alleges that Defendant, its agents, servants and employees' negligent activities caused Plaintiff's injuries.

### III.    NON-SUBSCRIBER NEGLIGENCE OF DEFENDANT

5.      Under Texas law, Defendant, had a non-delegable duty to provide a safe workplace to its employees. (See Tex. Lab. Code §411.103.). Defendant, failed to ensure a safe work place for Plaintiff. Defendant, failed to become a subscriber under the Worker's Compensation Act of this State.

### IV.    NEGLIGENCE OF DEFENDANT

6.      Plaintiff would show that the damages and injuries were caused by the negligence of Defendant, its employees, agents, and representatives. Plaintiff would show that Defendant owed a duty to Plaintiff and breached that duty and that such breach was a proximate cause of the injury and the resulting damages to Plaintiff. Defendant O'REILLY through its agents, representatives, and employees was negligent in one or more of the following alternative ways:

1.   Negligent instruction and/or training regarding the dangerous condition in the premises.
2.   Negligent failure to implement and/or enforce an adequate safety program.
3.   Failing to have an adequate policy or procedure to ensure Plaintiff and other employees safely performed the work while in the premises.
4.   Failure to establish and enforce safety rules and regulations.
5.   Failure to warn Plaintiff of the dangers associated with the work required.
6.   Failure to adequately supervise the job.

7.       Failure to provide adequate means of communication to safely perform the job.

8.       Failure to inspect the premises.

9.       Failure to render adequate aid to Plaintiff after she was injured.

10.      Failure to fix the cracks in the floor.

11.      Other acts of negligence that may be determined in discovery of the case.

7.       One or more of the foregoing acts or omissions of Defendant constituted negligence which negligence was a proximate cause of the injuries to Plaintiff which are made the basis of this cause of action. Further, one or more of the foregoing act or omissions was a proximate cause of the aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been sustained but for one or more of the foregoing act or omissions, whether taken singularly or in any combination, that was a proximate cause of Plaintiff's injuries and damages described below.

## V.     PREMISES LIABILITY OF DEFENDANT O'REILLY.

8.       Pleading alternatively and without waiving the foregoing, while upon Defendant's premises and/or under its control, Plaintiff suffered damages resulting in injury caused by a dangerous condition on the premises, which Defendant, through its officers, agents, representatives, and employees, knew existed or in the exercise of ordinary care, should have known existed. Defendant negligently caused or negligently permitted such condition to exist and/or negligently failed to warn Plaintiff of the dangerous condition of the premises, despite the fact that Defendant knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to Plaintiff, giving rise to premises liability.

## VI.     DAMAGES

9.       As a direct result of the negligence of Defendant Plaintiff suffered bodily injuries. As a further result of the negligence of the Defendant and injuries suffered, Plaintiff has incurred expenses for medical care, attention and other expenses.

10.     These expenses incurred were necessary for care and treatment of the injuries sustained

and the charges made and to be made were the usual and customary charges for such services.

Plaintiff will require further medical care and attention and will necessarily incur reasonable

expenses in the future for such medical needs. Plaintiff was prevented from working and has lost

wage earning capacity in the past and in the future. Plaintiff was prevented from performing her

household duties and will continue to be unable to perform her household duties in the future.

Plaintiff has suffered pain and suffering in the past and will continue to suffer pain and suffering

in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer

mental pain and anguish in the future. As a result of the injuries, Plaintiff has suffered and will

continue to suffer physical impairment. Plaintiff has suffered and will continue to suffer

disfigurement. Plaintiff has suffered damages within the jurisdictional limits of this Court and

requests monetary relief of over $200,000.00 but no more than $1,000,000,00.

## VII.    NO VALID/ENFORCEABLE ARBITRATION AGREEMENT

11.     Plaintiff denies that a valid Arbitration Agreement exists. Plaintiff would show that

Defendant, alleged Arbitration Agreement and Injury Plan, if any, are void and invalid for one or

more of the following alternative reasons:

1. Defendant engaged in a pattern and practice of having employees sign Arbitration Agreements disguised as hiring documents.
2. The Federal Arbitration Act does not apply. *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed. 2d 234 (2001).
3. The Arbitration and Plan is void in violation of Texas Administrative Code, Article 16 §5; 182.
4. It is void in violation of Texas Labor Code § 406.033(e) and 406.035.
5. Defendant engaged in fraud, fraud in the inducement and misrepresentation concerning the "Arbitration" and "Plan" documents.
6. The Arbitration and Plan is illusory.
7. There was NO consideration. This Plan is totally unfunded. There is no segregated funds, no obligation to pay, no guarantee of payment, no insurance. This contract is like trying to force arbitration by a seller who claims he is selling the Brooklyn Bridge when he doesn't own it. Arbitration in this non-subscriber case is purely a

fraudulent scheme to force loyal injured employees to get less than they are entitled to under workers' compensation and less than their common law rights provide. The plan benefits cease upon termination of employment. If they get injured, Defendant, can fire them and they receive no benefits. The plan provides no coverage if suit is filed. So Plaintiff's right to recover ended the day this suit was filed.

8.  The documents are unconscionable. They are procedurally and substantively unconscionable.

9.  The documents were executed based on fraud in the inducement and under duress.

10. The documents are illegal, oppressive and violate Texas Arbitration Act § 171.002(a) (3).

11. Right to Jury Trial on Fact Issues. Fraud, misrepresentation, no consideration and other contract defenses are fact issues, Under The Texas Constitution, Plaintiff is entitled to a jury trial on these issues. Plaintiff requested a jury trial. The court cannot ignore this request.

12. Not a knowing voluntary agreement. Plaintiff had no understanding of this document.

13. The purported agreement violates the Tenth Amendment of the United States Constitution.

14. Against public policy.


## XI.    JURY REQUEST

12. Plaintiff respectfully requests a trial by jury of the issues in this case.

## XII.    PRAYER

13. **WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear and answer, and on that on final trial, Plaintiff have judgment rendered against Defendant, for costs, pre-judgement and post judgement interest and for such other relief, general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsímile)
TJoudi@scherrlegate.com

_____
**TIFFANY N. JOUDI**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Steven J. Blanco
Robert M. Estrada
BLANCO ORDONEZ MATA & WALLACE., P.C.
5715 Cromo Drive
El Paso, Texas 79912
(915) 845-5800
(915) 845-5555 Fax
sblanco@bomwlaw.com
restrada@bomwlaw.com

_____
TIFFANY N. JOUDI